IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DAVID VANVALKENBURG,                        3:14-CV-00916-BR

            Plaintiff,

                                            OPINION AND ORDER

v.

OREGON DEPARTMENT OF
CORRECTIONS,

            Defendant.

**MATTHEW C. ELLIS**
621 S.W. Morrison St., Ste. 1050
Portland, OR 97205
(503) 226-0072

**SHENOA L. PAYNE**
Haglund Kelley LLP
200 S.W. Market St., Ste. 1777
Portland, OR 97201
(503) 225-0777

            Attorneys for Plaintiffs

1 - OPINION AND ORDER

**ELLEN F. ROSENBLUM**
Attorney General
**HEATHER J. VANMETER**
**SHANNON M. VINCENT**
Assistant Attorneys General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 947-4700

      Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant Oregon Department of Corrections' Partial Motion (#3) to Dismiss Plaintiff David VanValkenburg's Complaint.  The Court heard oral argument on September 15, 2014, and took the matter under advisement.

For the reasons that follow, the Court **DENIES** Defendant's Partial Motion to Dismiss.


## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint:

Plaintiff is deaf and communicates primarily through American Sign Language (ASL), although he has some limited communication skills through written notes.

Plaintiff has been incarcerated at correctional institutions managed by Defendant since 2000:  Oregon State Penitentiary (November through December 2000), Oregon State Correctional

Institution (December 2000 through July 2001), Snake River
Correctional Institution (July 2001 through May 2012), Santiam
Correctional Institution (May 2012 through January 2014), and
Columbia River Correctional Institution (January 2014 to the
present).

During his incarceration Plaintiff requested a qualified ASL
interpreter on numerous occasions.  Between his entry into the
Oregon State Penitentiary in November 2000 and his move to
Columbia River Correctional Institution in January 2014, however,
Defendant failed to provide Plaintiff with qualified interpreters
for communications during intake; orientation; processing;
counselor assessments; counseling sessions; medical examinations
and appointments; disciplinary proceedings; and education,
training, work, and religious programs offered at the various
institutions.  In addition, Defendant required Plaintiff to use
nonconfidential, untrained, and primarily unqualified inmates as
interpreters during Plaintiff's incarceration at Snake River
Correctional Institution and Santiam Correctional Institution
between 2001 and 2014.  When no inmates who knew ASL were
available, Defendant required Plaintiff to teach inmates ASL so
that Plaintiff could communicate with Defendant.  Defendant paid
Plaintiff for this training between approximately 2011 and May
2012.

Beginning January 2014 during Plaintiff's incarceration at

3 - OPINION AND ORDER

Columbia River Correctional Institution, Defendant inconsistently provided Plaintiff with a qualified, non-inmate ASL interpreter, but Defendant failed to provide Plaintiff with a qualified ASL interpreter in pre-scheduled medical appointments in February or March 2014.

### PROCEDURAL BACKGROUND

On March 20, 2014, Plaintiff gave Defendant timely notice of his tort claim.  On May 5, 2014, Plaintiff filed a Complaint in Multnomah County Circuit Court alleging three claims for relief: Disability Discrimination under Oregon Revised Statute § 659A.142 (First Claim); Disability Discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131–12165 (Second Claim); and Unjust Enrichment/*Quantum Meruit* (Third Claim).  On June 6, 2014, Defendant removed the action to this Court.

On June 13, 2014, Defendant filed a Partial Motion (#3) to Dismiss Plaintiff's claim for unjust enrichment/*quantum meruit* (Third Claim), Plaintiff's claim for federal disability discrimination (Second Claim) to the extent that it arises from conduct that occurred more than two years before Plaintiff filed this lawsuit, and Plaintiff's claim for state disability discrimination to the extent that it involves allegations that occurred before the 180-day tort-claim notice period.

4 - OPINION AND ORDER

In his Response (#8) to Defendant's Motion Plaintiff dismisses the unjust enrichment/*quantum meruit* claim without prejudice.  Plaintiff argues, however, that his remaining claims are not time-barred.  On July 14, 2014, Defendant filed a Reply (#13).

The Court heard oral argument on September 15, 2014.  The Court permitted the parties to file no later than September 19, 2014, supplemental authorities of cases in which Oregon appellate courts address the issue whether the Oregon continuing-tort doctrine permits a tort claimant to recover for acts that occurred before the period protected by the tort-claim notice.

The Court took Defendant's Motion under advisement on September 15, 2014.

Plaintiff filed Supplemental Authorities (#16) on September 16, 2014, and Defendant filed Supplemental Authorities (#18) on September 19, 2014.

On October 6, 2014, Plaintiff filed an Amended Complaint (#19).

## **STANDARDS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to

> a probability requirement, but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully.  Where a complaint pleads facts
> that are merely consistent with a defendant's
> liability, it stops short of the line between
> possibility and plausibility of entitlement to
> relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citations and

quotation marks omitted).  *See also Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 555-56 (2007).  The court must accept as

true the allegations in the complaint and construe them in favor

of the plaintiff.  *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir.

2013).

The pleading standard under Federal Rule of Civil Procedure

8 "does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-

me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

U.S. at 555).  *See also* Fed. R. Civ. P. 8(a)(2).  "A pleading

that offers 'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 555).  A complaint also does not suffice "if

it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).


## **DISCUSSION**

As noted, Defendant moves to dismiss Plaintiff's federal

disability-discrimination claim (Second Claim) to the extent that

it arises from conduct that occurred more than two years before
Plaintiff filed this lawsuit and to dismiss Plaintiff's state
disability-discrimination claim (Third Claim) to the extent that
it involves allegations that occurred before the 180-day tort-
claim notice period.

I.   **Plaintiff's Federal ADA Disability-Discrimination Claim**

Defendant moves to dismiss Plaintiff's federal disability-
discrimination claim to the extent that it arises out of conduct
that occurred before May 5, 2012, which is two years before the
date that Plaintiff filed his Complaint, on the ground that the
two-year statute of limitations had expired on those acts.
Defendant also contends the continuing-violations doctrine does
not apply here because Plaintiff's claim does not derive from
employment law and is based on a series of discrete acts.

Plaintiff, in turn, asserts his claim is based on a pattern
or practice of discrimination by Defendant rather than a series
of discrete, individually actionable acts; he brought this action
while Defendant's conduct was ongoing, and, therefore, his claim
properly includes all of Defendant's acts; and, accordingly, the
continuing-violations doctrine applies under these circumstances.
Plaintiff also asserts Defendant's discriminatory conduct
resulted in a hostile environment.

**A.    The Law**

    **1.    Statute of Limitations**

Because the ADA does not contain a specific statute of limitations, federal courts apply the statute of limitations of the most analogous state law.  *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002)(applying California's one-year personal-injury limit to ADA claim).  Here the parties do not dispute that federal courts in Oregon apply Oregon Revised Statute § 12.110(1), the two-year personal-injury statute of limitations, to ADA claims outside of employment law.  *See T.L. ex rel. Lowry v. Sherwood Charter Sch.*, No. 13-CV-01562-HZ, 2014 WL 897123, at *9 (D. Or. Mar. 6, 2014).  *See also Thunderbird*, 2011 WL 2971798, at *3 ("This court has applied the two-year personal injury statute of limitations to ADA [claims.]").

Although the limitations period is adopted from state law, the claim accrues according to federal law.  *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014)(discussing Rehabilitation Act claim).  "A federal claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action."  *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012)(citing *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991)).

## 2.   Continuing-Violations Doctrine

Discrete discriminatory acts are only actionable when such acts occur within the limitations period "even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).   "The continuing-violations doctrine extends the accrual of a claim if a *continuing system of discrimination* violates an individual's right up to a point in time that falls within the applicable limitations period." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 822 (9th Cir. 2001)(emphasis added)(internal quotation marks omitted).

A plaintiff establishes a systemic, continuing violation by demonstrating a policy or practice of discrimination.  *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 638 (9th Cir. 2002). The plaintiff must show the defendant maintained the discriminatory system both before and during the limitations period.  *Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 974 (9th Cir. 2010)(citing *Douglas*, 271 F.3d at 822).  *See also Gutowsky v. Cnty. of Placer*, 108 F.3d 256, 259 (9th Cir. 1997). "The doctrine applies where there is no single incident that can fairly or realistically be identified as the cause of significant harm." *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002)(internal quotation marks omitted).

Hostile environment claims by "[t]heir very nature involve[]

repeated conduct." *Morgan*, 536 U.S. at 115 (citation omitted). "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117.

**B.   Analysis**

Defendant argues the continuing-violations doctrine does not apply here.  Defendant first contends courts have not found the continuing-violations doctrine applicable to ADA claims other than in the employment context.  Defendant argues in the alternative that even if the continuing-violations doctrine applied to ADA claims outside of employment law, it would not apply here.  Defendant relies primarily on *Thunderbird v. Oregon State Department of Corrections*, No. 08-1404-PK, 2011 WL 2971798 (D. Or. June 28, 2011), and *Atwood v. Oregon Department of Transportation*, No. CV-06-1726-ST, 2008 WL 803020 (D. Or. Mar. 20, 2008), to support its arguments.

**1.   *Thunderbird* and *Atwood* are distinguishable from this matter.**

In *Thunderbird* an inmate alleged claims against ODOC and various state prisons and prison officials under the Rehabilitation Act of 1973, Title II of the ADA, and 42 U.S.C. § 1983.  2011 WL 2971798, at *1.  The claims were based on specific allegations of numerous discriminatory discrete acts by

10 - OPINION AND ORDER

the defendants. *Id.* For example, the plaintiff alleged on September 11, 2000, two officers confiscated and destroyed a pair of his prosthetic boots; on November 8, 2003, an officer confiscated his wheelchair cushion, a medically-necessary device; and on August 18, 2008, defendants denied him insulin. *Id.*, at *9-*10. The plaintiff also alleged a prison doctor inappropriately prescribed a blood-thinning medication that caused the plaintiff to have a severe reaction and then placed the plaintiff in a non-ADA compliant cell without handrails or an accessible toilet. *Id., at *9.

In response to the defendants' motion to dismiss the claims based on acts that did not occur within the statute-of-limitations period, the plaintiff argued the defendant's conduct constituted longstanding, continuing violations based on discriminatory policies, and, therefore, the continuing-violations doctrine applied. *Id.*, at *4. The court noted "[t]he continuing-violations doctrine involves repeated instances or continuing acts of the same nature, as for instance, repeated acts of sexual harassment or repeated discriminatory employment practices." *Id.* (internal quotations marks omitted). The court, however, found the plaintiff actually alleged a series of discrete acts: "While noting that these allegedly illegal policies have been in place for a long time, Thunderbird goes on to allege numerous specific instances where his rights were

11 - OPINION AND ORDER

violated as [a] result of these policies." *Id.* Thus, the court did not apply the continuing-violations doctrine because the acts alleged were not of the same nature and because the plaintiff alleged that each discrete incident caused him harm. *Id.* As a result, the court found the plaintiff's allegations stemming from acts that occurred more than two years before the plaintiff filed a complaint were time-barred. *Id.*

In *Atwood* the plaintiff alleged religious discrimination, disability discrimination, violations of the Federal Family and Medical Leave Act and Oregon Family Leave Act, workers' compensation discrimination, and common-law tort claims. *Atwood*, 2008 WL 803020, at *1. The plaintiff specifically alleged he requested reasonable accommodation, but the defendant "failed to grant such accommodations or engage him in the interactive process." *Id.*, at *13. Although the *Atwood* court discussed the continuing-tort theory in the context of a state-law claim, it specifically noted "the continuing-violation doctrine under federal law appears perfectly congruous with the lines drawn between continuous torts and separate discrete acts under Oregon law." *Id.* The court found a "refusal to grant reasonable accommodations in response to a request would have been a discrete actionable injury." *Id.* Accordingly, the court held claims based on those discrete acts that occurred outside of the relevant notice period were time-barred. *Id.*

12 - OPINION AND ORDER

The Court notes in *Atwood* and *Thunderbird* the plaintiffs alleged the defendants committed a series of discrete discriminatory acts and only argued the defendants' acts constituted continuing violations *after* the defendants filed motions to dismiss the plaintiffs' claims on the basis that they were time-barred. *See also Cherosky*, 330 F.3d at 1246 (The court held the plaintiffs' claims time-barred because they were based on discrete acts that occurred outside of the notice period. Nevertheless, "[a]cknowledging that their claims would be untimely under either [the discrete act or hostile work environment test] because no discriminatory act occurred within the limitations period, the [plaintiffs] attempt to cast their allegations as a pattern-or-practice claim[.]").

That is not the case here.  In his Complaint Plaintiff alleged from the beginning that Defendant's acts constituted a pattern or practice of discrimination.  Although Plaintiff alleges specific acts, they are all part of the same alleged course of discriminatory conduct, and they are not disparate acts, different in kind, that would support various theories of recovery.  Thus, Plaintiff's continuing-violation argument is compatible with his Complaint and is not a mere re-casting of his allegations of multiple discrete acts for the purpose of rescuing his claim from Defendant's Motion to Dismiss.

**2.    The continuing-violations doctrine as applied to ADA claims is not exclusive to employment law.**

Although many of the ADA cases in which courts apply the continuing-violations doctrine arise in the context of employment law, the Court has not found nor have the parties cited to any case that explicitly limits the doctrine to employment law.  Although the court in *Thunderbird* ultimately decided the continuing-violations doctrine did not apply to the plaintiff's ADA claims, the court did not explicitly base its decision on the principle that the continuing-violations doctrine applies only to employment cases.  In fact, the court's reasoning was based on the differing nature of the discrete acts that the plaintiff alleged and the fact that the plaintiff alleged each act caused him harm.  Indeed, if the plaintiff in *Thunderbird* had alleged "repeated instances or continuing acts of the same nature," none of which could individually "be identified as the cause of significant harm," the court may have applied the continuing-violations doctrine.

**3.    Plaintiff alleges a pattern or practice of disability-discrimination, and, therefore, the continuing-violations doctrine applies to all of Defendant's acts contributing to that pattern or practice, including those that occurred before May 5, 2012.**

Defendant alternatively argues even if the continuing-violations doctrine applies to ADA claims arising outside of employment law, it would not apply here.  Defendant asserts

14 - OPINION AND ORDER

Plaintiff's claim is based on a series of alleged refusals to accommodate; a refusal to accommodate is a discrete, individually actionable act; and, therefore, the part of Plaintiff's federal claim of disability discrimination that is based on acts that occurred before May 5, 2012 (*i.e.*, two years before Plaintiff filed his Complaint), is time-barred and must be dismissed.

> **a.    Plaintiff's claim is based on a pattern or practice of discrimination rather than a series of discrete acts.**

To state a pattern or practice claim a plaintiff must allege widespread and routine discriminatory conduct rather than merely sporadic discriminatory acts. *Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003)(citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977)).  To meet the pleading standard of Federal Rule of Civil Procedure 8, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  A pattern or practice allegation "without *any* factual content to bolster it[] is just the sort of conclusory allegation that the *Iqbal* Court deemed inadequate." *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1226, *amended*, 711 F.3d 941 (9th Cir. 2013), *rev'd on other grounds sub nom*, *Wood v. Moss*, 134 S. Ct. 2056 (2014).

Plaintiff alleges Defendant is engaged in a

pattern or practice[1] of discrimination against deaf inmates by
failing to provide qualified ASL interpreters or auxiliary aids
during nearly all communications between Defendant and deaf
inmates.  Although Plaintiff alleges specific acts by Defendant
(for example, denial of Plaintiff's request for qualified
interpretive services for his medical examination at Oregon State
Penitentiary), these acts establish the factual context to
bolster Plaintiff's pattern or practice claim and to satisfy the
required pleading standard of Federal Rule of Civil Procedure 8.
*See Iqbal*, 556 U.S. at 678.  *See also Moss*, 675 F.3d at 1226.
The crux of Plaintiff's Complaint, however, is that Defendant's
actions in general "constitute a pattern or practice of
discrimination that occurred on an ongoing and continuous basis
from 2000 to the present."  First Am. Compl. at ¶ 85.

        In addition, although the *Atwood* court held a
"refusal to grant reasonable accommodations in response to a
request would have been a discrete actionable injury," the
plaintiff in *Atwood* did not allege a pattern or practice of
discrimination.  Here, however, Plaintiff alleges Defendant
refused numerous times to accommodate Plaintiff's known
disability, and those refusals constituted part of Defendant's

---

[1] While pattern or practice claims typically arise in class-
action suits, courts have permitted individual plaintiffs to
bring pattern or practice claims. *See, e.g.*, *Knox v. City of
Portland*, 543 F. Supp. 2d 1238, 1246 (D. Or. Mar. 5, 2008).

16 – OPINION AND ORDER

pattern or practice of discrimination against Plaintiff.

Moreover, unlike in the complaint in *Thunderbird*, all of the alleged acts that are part of Plaintiff's pattern or practice claim are "of the same nature." As noted, in *Thunderbird* the court determined the plaintiff alleged multiple discrete acts that were not "repeated instances or continuing acts of the same nature, as for instance, repeated acts of sexual harassment or repeated discriminatory employment practices." *Id.*, at *4 (citation omitted). Although the alleged discriminatory acts in *Thunderbird* related to the plaintiff's disability, those acts varied in nature: for example, confiscating the plaintiff's prosthetic boots and wheelchair cushion, prescribing the wrong medication, placing the plaintiff in a non-ADA compliant cell, denying the plaintiff insulin, etc. Here the acts alleged by Plaintiff as part of Defendant's pattern or practice of discrimination are all of the same nature: Plaintiff did not receive qualified ASL interpreters or auxiliary aids as the result of Defendant's pattern or practice of discrimination.

> **b.   Plaintiff alleges Defendant's pattern or practice of disability discrimination rather than any individual discrete acts caused Plaintiff harm.**

Plaintiff does not allege a single incident caused him significant harm. As noted, the continuing-violations

17 - OPINION AND ORDER

doctrine applies when "there is no single incident that can fairly or realistically be identified as the cause of significant harm." *Flowers*, 310 F.3d at 1126 (internal quotation marks omitted)(continuing-violations doctrine does not apply to defamation claim based on publication of allegedly defamatory book). *See also Thunderbird*, 2011 WL 2971798, at *4 (continuing-violations doctrine does not apply to ADA claim based on numerous discrete acts, varied in nature, each of which caused harm). Like a hostile-environment claim, the "very nature" of a pattern or practice claim "involves repeated conduct." *See Morgan*, 536 U.S. at 115 (citation omitted). *See also Cherosky*, 330 F.3d at 1247. "Such claims are based on the cumulative effect of individual acts." *Morgan*, 536 U.S. at 115.

    Although Plaintiff alleges some specific acts to support his pattern or practice claim, Plaintiff states Defendant's continuing pattern or practice of discriminatory conduct caused Plaintiff harm rather than any one specific act by Defendant. For example, in his Complaint Plaintiff states Defendant's alleged "practices have harmed [Plaintiff] on a continuing and ongoing basis from the time of his intake at [Oregon State Penitentiary] to the present." First Am. Compl. at ¶ 61. Plaintiff also states he "is now suffering and will continue to suffer irreparable injury from Defendant's acts and the pattern or practice of discrimination." *Id.*, at ¶ 72. In

18 - OPINION AND ORDER

other words, Plaintiff does not allege a specific injury derived from a specific discrete act.

On this record the Court, therefore, concludes Plaintiff alleges a systemic, continuing violation in the form of a pattern or practice of discrimination on the basis of disability in violation of 42 U.S.C. § 12132, and, therefore, that part of Plaintiff's federal disability claim that is based on Defendant's acts that occurred before May 5, 2012, is not time-barred. Accordingly, the Court denies Defendant's Partial Motion to Dismiss Plaintiff's federal ADA disability-discrimination claim to the extent that it is based on Defendant's acts that occurred before May 5, 2012.

## II.  State Disability-Discrimination Claim

Defendant moves to dismiss Plaintiff's state disability-discrimination claim to the extent that it is based on acts that occurred outside of the 180-day tort-claim notice period.

The OTCA requires a claimant to file notice of a tort claim against a public body within "180 days after the alleged loss or injury" unless it is a wrongful-death claim.  Or. Rev. Stat. § 30.275(2).  *See also Barns v. City of Eugene*, 183 Or. App. 471, 474 (2002)(citing Or. Rev. Stat. § 30.275(1)).  Under Oregon law "when a continuing-tort is involved, a notice of claim filed any time during the continuance of the conduct or within 180 days after its conclusion is necessarily timely."  *Holdner v. Columbia*

19 - OPINION AND ORDER

*Cnty.*, 51 Or. App. 605, 613 (1981).

Although the date that Plaintiff gave Defendant notice was in dispute at the time of oral argument, Plaintiff has since filed an Amended Complaint (#19) in which he alleges he gave timely notice of his tort claim to Defendant on March 20, 2014. Defendant does not now dispute that Plaintiff's Notice complies with the OTCA requirement.  Defendant, however, moves to dismiss Plaintiff's state disability-discrimination claim based on Defendant's conduct before September 21, 2013, which is 180 days before March 20, 2014, when Plaintiff gave Defendant Notice of his tort claim.

**A.   Evidence of conduct that occurred outside of the notice period is admissible to support the claim for which Plaintiff gave timely notice.**

It is undisputed that when the continuing-tort doctrine applies, evidence of conduct that occurred outside of the notice period is admissible to support those allegations that are timely.  *See, e.g.*, *Griffin v. Tri-Met*, 112 Or. App. 575, 582 (1992), *aff'd in part and rev'd in part on other grounds at* 318 Or. 500 (1994)("The allegations should not have been stricken. Accordingly, plaintiff was entitled to have the evidence supporting the allegations admitted without limitation, not solely for the purpose of proving discriminatory intent.").

As noted, Defendant does not dispute Plaintiff's Notice of his state tort claim was timely.  Defendant, however, asserts a

20 - OPINION AND ORDER

tort claimant may not *recover* for any acts that occurred outside

of the notice period even if the continuing-tort doctrine[2]

applies.    In this case the Court need not address whether a tort

claimant may seek recovery for acts occurring outside of the OTCA

notice period because Plaintiff is seeking damages and equitable

relief based on Defendant's alleged pattern or practice of

discrimination that continued during the notice period rather

than recovery for specific acts that occurred outside of the OTCA

notice period.    Thus, if the Court finds the continuing-tort

doctrine applies here, evidence of Defendant's alleged acts

before September 21, 2013, is admissible to support Plaintiff's

allegation that Defendant engaged in a pattern or practice of

discrimination that continued during the notice period.

**B.    Oregon's continuing-tort doctrine applies to Plaintiff's claim.**

Although Oregon courts have not considered the continuing-

tort doctrine in pattern or practice claims, it has applied the

doctrine to claims for intentional infliction of emotional

distress (IIED), disability discrimination, and hostile work

environment.    *See, e.g.*, *Barrington ex rel. Barrington v.*

*Sandberg*, 164 Or. App. 292, 298 (1999)(IIED); *Griffin*, 112 Or.

App. at 582 (disability discrimination); *Reyna v. City of*

_____

[2] Although the Oregon continuing-tort doctrine is similar to
the federal continuing-violation doctrine, courts have described
the doctrines using different language. *See Atwood*, 2008 WL
803020, at *13.

21 - OPINION AND ORDER

*Portland*, No. 02-980-JO, 2005 WL 708344, at *5 (D. Or. Mar. 28, 2005)(state hostile work environment).  Application of the doctrine to a pattern or practice claim under the ADA is consistent with the above cases because, like hostile work environment and some IIED claims, the harm in a pattern or practice claim is only actionable at the end of a series of actions.  *See Boardmaster Corp. v. Jackson Cnty.*, 224 Or. App. 533, 550 (2008).

The continuing-tort doctrine applies when "each incident of a series [does] not by itself support a claim but the incidents as a whole [are] a systematic pattern of conduct that led to a specific injury."  *Barrington*, 164 Or. App. at 298 (discussing *Griffin*, 112 Or. App. at 581-82).  In other words, the continuing-tort doctrine applies when "the harm complained of reaches the level of actionability only at the end of the series of actions."  *Boardmaster*, 224 Or. App at 550 (citing *Davis v. Bostick*, 282 Or. 667, 672 (1978)).  The conduct is less likely to be a continuing tort if each incident has a beginning and end, each incident is separated from the others by a period of relative quiescence, and each incident is capable of producing compensable harm.  *Barrington*, 164 Or. App. at 297 (citing *Davis*, 282 Or. at 673).  Thus, "at the heart of the continuing-tort idea [in Oregon] is the concept that recovery is for the cumulative effect of wrongful behavior, not for discrete elements of that

22 - OPINION AND ORDER

conduct." *Davis*, 282 Or. at 671-72.

As noted with regard to Plaintiff's federal claim, Plaintiff alleges Defendant is engaged in a pattern or practice of disability discrimination against Plaintiff and other deaf inmates. Defendant, however, argues Plaintiff's Complaint is based on many discrete acts, and, therefore, Oregon's continuing-tort doctrine does not apply.

Here each incident that Plaintiff identifies does not by itself constitute a pattern or practice of discrimination. Plaintiff, however, alleges the incidents taken as a whole were systemic throughout Plaintiff's incarceration and contributed to Plaintiff's injury. *See Barrington*, 164 Or. App at 298 ("This case is similar to *Griffin* . . . in which each incident of a series did not by itself support a claim but the incidents as a whole were a systematic pattern of conduct that led to a specific injury."). In addition, as noted regarding Plaintiff's federal claim, the harm that Plaintiff alleges stems from Defendant's pattern or practice of discrimination rather than from the individual acts that constitute the pattern or practice. Thus, Plaintiff seeks to recover "for the cumulative effect of wrongful behavior, not for discrete elements of that conduct." *See Davis*, 282 Or. at 671-72.

On this record the Court concludes the Oregon continuing-tort doctrine applies to Plaintiff's claim under Or. Rev. Stat.

§ 659A.142; evidence of Defendant's alleged acts before September 21, 2013, is admissible to support Plaintiff's allegations that Defendant engaged in a pattern or practice of discrimination that continued during the notice period; and, therefore, that part of Plaintiff's state-law disability-discrimination claim that is based on acts that occurred outside of the 180-day tort-claim notice period (i.e., before September 21, 2013) is not time-barred.  Accordingly, the Court denies Defendant's Partial Motion to Dismiss Plaintiff's state disability-discrimination claim to the extent that it is based on Defendant's acts that occurred before September 21, 2013.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Partial Motion (#3) to Dismiss Plaintiff's Complaint.

IT IS SO ORDERED.

DATED this 30th day October, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

24 - OPINION AND ORDER