IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAVID VANVALKENBURG,**          3:14-cv-00916-BR

       **Plaintiff,**                 OPINION AND ORDER

v.

**OREGON DEPARTMENT OF CORRECTIONS,**

       **Defendant.**

**MATTHEW C. ELLIS**
Law Office of Matthew C. Ellis
621 S.W. Morrison Street
Suite 1050
Portland, OR 97205
(503) 226-0072

**SHENOA L. PAYNE**
Hagglund Kelly, LLP
200 S.W. Market Street
Suite 1777
Portland, OR 97201
(503) 225-0777

       Attorneys for Plaintiff

1 - OPINION AND ORDER

**ELLEN F. ROSENBLUM**
Attorney General
**HEATHER J. VAN METER**
**SHANNON M. VINCENT**
Senior Assistant Attorneys General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301
(503) 947-4700

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant Oregon Department of Corrections' invocation of multiple discovery privileges in an effort to require Plaintiff David VanValkenburg to provide waivers signed by other deaf inmates in Defendant's custody before Defendant can disclose information regarding those inmates. For the reasons that follow, the Court concludes on this record that Plaintiff is not required to obtain signed waivers from other deaf inmates before Defendant produces the requested discovery materials.

    Plaintiff, a person who is deaf and who, until recently, was in Defendant's custody, filed this action against Defendant raising disability-discrimination claims under federal and Oregon law. Plaintiff alleges Defendant did not adequately accommodate Plaintiff's deafness and, therefore, engaged in a pattern and/or practice of discrimination against Plaintiff. Plaintiff specifically alleges, *inter alia*, that Defendant employed a

2 - OPINION AND ORDER

policy of using insufficiently qualified inmate-American Sign Language (ASL) interpreters to communicate with Plaintiff.

As part of discovery Plaintiff seeks information and documentary evidence concerning the accommodations that Defendant has made for other deaf inmates. Defendant, however, contends Plaintiff has not sufficiently defined the universe of deaf inmates about which Plaintiff seeks information and, absent a signed waiver from each deaf inmate, such information is privileged under (1) privacy guarantees of the United States Constitution; (2) the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d(4)(B); and (3) Oregon Revised Statute § 179.505(2).

**I.   Vagueness of Plaintiff's Discovery Requests**

In communications between counsel Plaintiff defined "deaf" as "those with the audiological condition of not hearing" and "those with very limited hearing who cannot rely on it for comfortable communication and who are able to communicate via ASL." Def.'s Mem. (#35) at 6. Defendant contends Plaintiff's definition of "deaf" is impermissibly vague.

The Court, however, finds Plaintiff's definition of "deaf" is sufficiently specific to permit Defendant to make a reasonable search of its records to locate the relevant information.

On this record the Court concludes Plaintiff's definition of "deaf" is not impermissibly vague.

3 - OPINION AND ORDER

**II. Defendant's Invocation of Privilege**

As noted, Defendant contends Plaintiff must provide a signed release from other deaf inmates before Defendant can produce the requested discovery because, absent such a release, the information is privileged under federal constitutional privacy guarantees, HIPAA, and § 179.505(2).

The party asserting an evidentiary privilege bears the burden to demonstrate that the privilege applies to the information in question. *Lambright v. Ryan*, 698 F.3d 808, 823 (9th Cir. 2012). The party asserting the privilege must also expressly make the assertion and describe the nature of the allegedly privileged evidence in a manner that will enable other parties to assess the claim of privilege. Fed. R. Civ. P. 26(b)(5)(A).

**A. Federal Constitutional Privacy Protections**

Defendant contends Plaintiff must obtain signed releases from the other deaf inmates because even disclosure of the identities of such inmates would violate their constitutionally-protected privacy rights.

**1. Standard**

Federal courts generally recognize a constitutionally-based right to privacy that can be raised as a privilege in response to discovery requests. *See, e.g., Estate of Shafer ex rel. Shafer v. City of Elgin, Or.*, No. 2:12-cv-00407-SU, 2014 WL

4 - OPINION AND ORDER

1303095, at *3 (D. Or. Mar. 28, 2014); *Rogers v. Giurbino*, 288 F.R.D. 469, 484 (S.D. Cal. 2012); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). "Resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted." *Estate of Shafer*, 2014 WL 1303095, at *3. *See also Rogers*, 288 F.R.D. at 484 (noting "courts generally balance the need for the information against the severity of the invasion of privacy"). A protective order preventing disclosure of private information can minimize the severity of the invasion of privacy. *Estate of Shafer*, 2014 WL 1303095, at *3. *See also Soto*, 162 F.R.D. at 616.

  **2. Analysis**

  As noted, Defendant contends it cannot disclose any information about accommodations made to other deaf inmates or the identities of such inmates without a signed release because doing so would violate the inmates' constitutionally-protected privacy interests. Plaintiff responds the other inmates' privacy interests are minimal in light of the inherently public nature of deafness and the Stipulated Protective Order (#7) (SPO) entered in this case and that Plaintiff has a substantial interest in accessing this information because it is necessary to show that Defendant engaged in a pattern and practice of discrimination.

5 - OPINION AND ORDER

### a.  Plaintiff's Interest in Obtaining Discovery

Although Plaintiff's interest in the information concerning other deaf inmates is not as compelling as Plaintiff suggests, the Court concludes Plaintiff has a legitimate interest in obtaining this information.  The Court notes Plaintiff's claims are personal in nature and limited to how Defendant treated him; *i.e.*, Plaintiff only asserts Defendant maintained a pattern or practice of discriminating against Plaintiff as a result of his deafness rather than asserting Defendant engaged in a pattern or practice of discriminating against deaf inmates generally.  Information regarding Defendant's accommodation of other deaf inmates, however, may be relevant to establish Defendant's discriminatory intent and to address Defendant's undue-burden defense.  *See Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002)(noting compensatory damages are only available in a disability-discrimination claim under the Americans with Disabilities Act upon a showing of discriminatory intent).  *See also* Def.'s Answer (#28) ¶ 98 (regarding the undue-burden defense).  Thus, although the Court rejects Plaintiff's position that information concerning other deaf inmates is central to Plaintiff's claim, the Court concludes Plaintiff, nevertheless, has a legitimate interest in obtaining the information in discovery.

### b.  Other Deaf Inmates' Privacy Interest

The mere fact that an inmate is deaf is not a "private" fact because it is readily ascertainable by any person who comes into contact with such an inmate.  Thus, the privacy interests of other deaf inmates are minimal as to disclosure of their identities and the accommodations that Defendant made for the disabilities of those inmates.  Moreover, any information disclosed to Plaintiff about other deaf inmates is subject to the SPO, which prevents Plaintiff from disseminating such information and requires Plaintiff to return or to destroy any such information at the conclusion of this litigation.  In fact, the potential disclosure of information concerning other deaf inmates was an explicit reason for the SPO.  The Court, therefore, finds the other deaf inmates' privacy interests in disclosure of their identities and information concerning Defendant's accommodations to those inmates for their disability is minimal.

In summary, the Court concludes on this record that Plaintiff's legitimate need for information concerning Defendant's accommodation of other deaf inmates outweighs the inmates' minimal privacy interest in that information.  The Court notes, however, there may be specific documents that implicate greater privacy interests.  The Court, therefore, does not foreclose the possibility that Defendant may make a claim of privilege with respect to such documents after providing

7 - OPINION AND ORDER

Plaintiff with a privilege log.

Accordingly, on this record the Court concludes Defendant has not met its burden at this time to demonstrate the information concerning other deaf inmates is privileged as a result of the constitutionally-protected privacy interests of those inmates.

**B.    HIPAA Privilege**

As noted, Defendant contends it cannot disclose any information concerning other deaf inmates (including their identities) because such disclosures are prohibited under HIPAA.

Defendant's argument is without merit.  HIPAA regulations provide a covered entity may disclose protected health information in response to a discovery request during the course of a judicial proceeding if "[t]he covered entity receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order."  45 C.F.R. § 164.512(e)(1)(ii)(B).  The SPO in this case meets the requirements for a "qualified protective order" under 45 C.F.R. § 164.512(e)(1)(v).

Accordingly, on this record the Court concludes Defendant has not met its burden to establish that information concerning other deaf inmates is privileged pursuant to HIPAA.

**C.    Privilege under Oregon Revised Statute § 179.505**

Defendant contends it may not disclose information concerning other deaf inmates without a signed release because § 179.505 prohibits such disclosure.

Subject to certain exceptions, § 179.505(2) provides:

> [U]nless otherwise permitted or required by state or federal law or by order of the court, written accounts of the individuals served by any health care services provider maintained in or by the health care services provider by the officers or employees thereof who are authorized to maintain written accounts within the official scope of their duties are not subject to access and may not be disclosed.  This subsection applies to written accounts maintained in or by facilities of the Department of Corrections only to the extent that the written accounts concern the medical, dental or psychiatric treatment as patients of those under the jurisdiction of the Department of Corrections.

Defendant has not met its burden to demonstrate that Plaintiff's requested discovery is prohibited under § 179.505(2). For example, some of the information requested by Plaintiff likely does not qualify as a "written account[] concern[ing] the medical, dental, or psychiatric treatment" of an inmate. *See id.* Moreover, to the extent that Plaintiff requests health records, those records may not be subject to § 179.505(2) because, as noted, such disclosures are permitted by federal law as a result of the entry of the SPO in this case. *See id.* Nonetheless, to the extent that Defendant identifies in good faith information that Defendant believes it is precluded from disclosing under § 179.505(2), Defendant may invoke that privilege after providing

9 - OPINION AND ORDER

Plaintiff with a privilege log.

Accordingly, on this record the Court concludes Defendant has not met its burden at this time to demonstrate the information that Plaintiff requests concerning other deaf inmates is privileged pursuant to § 179.505(2).

## CONCLUSION

For these reasons, the Court **ORDERS** Defendant to provide substantive responses to Plaintiff's discovery requests consistent with this Opinion and Order no later than **February 27, 2015**.

IT IS SO ORDERED.

DATED this 2nd day of February, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

10- OPINION AND ORDER