IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DAVID D. VANVALKENBURG**,

   Plaintiff,

 v.

**OREGON DEPARTMENT OF CORRECTIONS**,

   Defendant.

No. 3:14-cv-00916-MO

OPINION AND ORDER

**MOSMAN, J.**,

  Plaintiff David VanValkenburg brought this suit against the Oregon Department of Corrections ("ODOC"), alleging violations of federal and state anti-discrimination laws while he was in custody. Mr. VanValkenburg's state-law claim was tried by a jury, beginning on November 1, 2016. The jury returned a verdict in favor of Mr. VanValkenburg, awarding him $400,000 in noneconomic damages [183]. On February 8, 2017, I DENIED Defendant's Motions for Judgment as a Matter of Law, New Trial, and Remittitur [210]. Mr. VanValkenburg now moves for attorney fees and costs [215].

## BACKGROUND

  Mr. VanValkenburg is a hearing-impaired individual who was housed at multiple prisons run by ODOC from 2000 to 2014. In 2014, he brought this case based on allegations that ODOC violated state and federal anti-discrimination laws when it failed to provide him with accommodations for his hearing disability that would allow him to meaningfully participate in

prison programs and services provided to inmates. After a three-day trial in November, 2016, the jury found in favor of Mr. VanValkenburg and awarded him $400,000 in noneconomic damages. Mr. VanValkenburg has now moved to recover his attorney fees, costs, and litigation expenses as the prevailing party on his state-law claim.[1]

## DISCUSSION

Mr. VanValkenburg is seeking to recover a total of $911,062.21 in attorney fees, costs, and litigation expenses as the prevailing party on his state-law disability discrimination claim. That amount includes a fee multiplier to compensate Mr. VanValkenburg's attorneys for their performance in this case and the risk they undertook in representing Mr. VanValkenburg on a contingency fee basis. Mr. VanValkenburg also seeks additional attorney fees to cover the cost of litigating his fee award.

ODOC objects to Mr. VanValkenburg's motion on several grounds. First, ODOC argues that I should decline to award any fees in this case because (1) doing so is discretionary and (2) Mr. VanValkenburg was not the prevailing party on any of his claims. Alternatively, ODOC suggests that I should implement "an across-the-board percentage cut" to reflect Mr. VanValkenburg's "partial success" on the claims overall. In addition, ODOC objects to the award of any fee multiplier in this case, as well as a prevailing party fee that Mr. VanValkenburg seeks by statute. Finally, ODOC objects to some of the costs and litigation expenses that Mr. VanValkenburg seeks to recover.

As explained below, I find that Mr. VanValkenburg is the prevailing party on his state-law disability discrimination claim. As such, he is entitled to recover his attorney fees, costs, and litigation expenses. I also award his requested attorney fees for the cost of litigating this attorney

---

[1] Only the state-law claim went to trial. Mr. VanValkenburg's ADA claim was dismissed before the jury trial for failure to exhaust his administrative remedies.

fee motion. Additionally, I agree a fee multiplier is appropriate in this case based on the risk involved in this case and the performance of Mr. VanValkenburg's attorneys. That said, I find the requested fee multiplier to be excessive and thus, I adopt a smaller multiplier. Finally, some of the litigation expenses are not reimbursable under state law, resuling in a reduction to Mr. VanValkenburg's requested expense award. In total, I award Mr. VanValkenburg $683,873.13 in attorney fees, $18,155.19 in costs, and $3,924.79 in litigation expenses.

**I. Attorney Fee Award**

Mr. VanValkenburg is seeking to recover attorney fees for over 1300 hours that his attorneys claim they spent on this case. Specifically, Mr. VanValkenburg seeks to recover (1) attorney fees based on the number of hours spent on the case, (2) extra attorney fees pursuant to a discretionary fee multiplier, and (3) attorney fees for the time spent litigating this motion for attorney fees. For the reasons discussed below, I find that Mr. VanValkenburg is entitled to attorney fees and that the standard lodestar calculation of those fees based on his attorneys' hourly rate and the number of hours spent litigating this case is the proper method for calculating those fees. I also find that a fee multiplier is appropriate in this case. Finally, I grant Mr. VanValkenburg's request to recover attorney fees for the time spent litigating this attorney fee memo. In total, Mr. VanValkenbug is entitled to recover $683,873.13 in attorney fees.

**A.** *Calculation of Attorney Fees*

Mr. VanValkenburg argues that he is entitled to recover reasonable attorney fees because he is the prevailing party in this case. Specifically, he argues that he is entitled to recover attorney fees based on his attorneys' reasonable billing rate and the hours his attorneys spent litigating his state-law antidiscrimination claim. ODOC argues that Mr. VanValkenburg is not entitled to any attorney fees because he is not the prevailing party on any of his claims. And, in

any event, ODOC argues that the award should be reduced to reflect what it argues was a narrow victory.

For the following reasons, I have determined that an award of attorney fees to Mr. VanValkenburg is mandatory under Oregon statutory law. Because the state and federal claims in this case have common issues of law and fact, Mr. VanValkenburg's attorneys' time was reasonably spent litigating both claims, and they are not required to apportion their time by claim. Accordingly, I do not reduce the hours spent on the case to reflect Mr. VanValkenburg's loss on the federal claim, except to the extent that Mr. VanValkenburg is not entitled to attorney fees for the time spent on litigating whether he exhausted his administrative remedies under his federal claim. I also find the hourly rates requested by Mr. VanValkenburg's attorneys to be reasonable. In sum, Mr. VanValkenburg is entitled to an attorney fee award of 385,217.50 based on calculations under the lodestar method.[2]

1. An Attorney Fee Award is Mandatory Because Mr. VanValkenburg is the Prevailing Party on the State-Law Claim

Oregon law governs whether an attorney fee is available in a case that is based on state law. *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) ("State laws awarding attorneys' fees are generally considered to be substantive laws under the *Erie* doctrine . . ."). In Oregon, severeal statutes govern the award of attorney fees. Specifically, Oregon Revised Statute § 20.107 states:

> (1) In any civil judicial proceeding . . . based on a claim of unlawful discrimination, the court shall award to the prevailing plaintiff attorney and expert witness fees reasonably and necessarily incurred in connection with the discrimination claim, at the trial court . . .

---

[2] This fee award is calculated as follows:

Mr. Ellis: (517.50 hours) x ($325.00 per hour) = $168,187.50
Ms. Payne: (672.10 hours) x ($300.00 per hour) = $201,630.00
Paralegal and Law Clerk: (88.8 hours) x ($175.00 per hour) = $15,400.00

4 – OPINION AND ORDER

> (2) In making an award under this section, the court shall calculate attorney and expert witness fees on the basis of a reasonable hourly rate at the time the award is made, multiplied by the amount of time actually and reasonably spent in connection with the discrimination claim.

In addition, Oregon Revised Statute § 659A.885(1) states: "[i]n any action under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal." In fact, "Oregon courts have construed [§ 659A.885(1)] as mandatory and highly favorable to plaintiffs, holding that prevailing plaintiffs are entitled to recover their attorney fees." *Hamlin v. Hampton Lumber Mills, Inc.*, 205 P.3d 70 (Or. App. 2009). Accordingly, given the text of Oregon Revised Statute 20.107, explaining that I *shall* award fees to the prevailing plaintiff's attorney, and *Hamlin*, making such an award *mandatory* under Oregon Revised Statute § 659A.885(1), I am required to award attorney fees to Mr. VanValkenburg so long as he was the prevailing plaintiff.

To determine whether Mr. VanValkenburg was the prevailing party in this case, I again look to Oregon law. Oregon Revised Statute § 20.077 defines the prevailing party "[f]or the purposes of making an award of attorney fees on a claim," as "the party who receives a favorable judgment . . . on the claim." Or. Rev. Stat. § 20.077(2). The text of the statute makes clear that I must look at each claim to determine who the prevailing party was on that claim. *Eagles Five, LLC. v. Lawton*, 280 P.3d 1017, 1026 (Or. App. 2012)

ODOC argues that Mr. VanValkenburg was not the prevailing party in this case because his federal claim was dismissed and on his state-law claim was limited to a smaller time period than he initially sought in his Complaint. Mr. VanValkenburg concedes that he was not the prevailing party on his Section 1983 claim alleging violations of the ADA. But he argues he was

the prevailing party on his state-law claim because the jury returned a verdict in his favor on that claim and awarded him $400,000 in damages.

I agree that Mr. VanValkenburg was the prevailing party on his state-law claim. ODOC does not cite any legal authority to support its proposition that Mr. VanValkenburg was not the prevailing party on the state-law claim simply because he did not recover all of the relief he sought. In fact, the text of the statute only calls for "a favorable judgment" on the claim; it does not require all of the relief sought. *See* Or. Rev. Stat. § 20.077(2); *see also Eagles Five*, 280 P.3d at 1026 (explaining that the "prevailing party" is the one that received a "favorable judgment" and that "it does not necessarily follow that, merely because a party does not obtain all the relief sought, a party is not a prevailing party" (citation omitted)). Accordingly, because Mr. VanValkenburg received a favorable judgment on his state-law claim, he is entitled to recover attorney fees for prevailing on that claim.

### 2. Calculating the Attorney Fee Award

Mr. VanValkenburg seeks to recover for 528.50 hours spent on the case by Mr. Ellis at a rate of $325.00 per hour; 683.80 hours spent on the case by Ms. Payne[3], at a rate of $300 per hour; and 88.8 hours spent on the case by a paralegal and a law clerk at a rate of $175.00 per hour. In total, Mr. VanValkenburg seeks to recover $392,232.50 in attorney fees based on the lodestar calculation.

ODOC does not dispute the total number of hours Mr. VanValkenburg's attorneys claim they spent on the case, nor does ODOC argue the hourly rates requested are unreasonable. Rather, ODOC objects to an award for all of the hours the attorneys spent on the case, given that Mr. VanValkenburg only prevailed on his state-law claim, and even then, only for a narrow time

---

[3] Ms. Payne's hours include 423.10 hours as an associate at Haglund Kelley LLP and an additional 260.70 as a solo practitioner.

period. ODOC argues that Mr. VanValkenburg's billing records should be broken out by claim, and that he should only receive attorney fees for the hours spent litigating the state-law claim. Because the billing records do not break out the attorney's time on a claim-by-claim basis, ODOC argues that I should reduce the fee request by 65% and only award 35% of the amount requested by Mr. VanValkenburg, or $137,281.38.

Oregon courts generally award attorney fees based on the lodestar method, although there is room for adjustment based on the factors set forth in Oregon Revised Statute § 20.075. *See generally Strawn v. Farmers Ins. Co. of Or.*, 297 P.3d 439, 447-48 (Or. 2013) ("*Strawn I*"). Under the lodestar method, courts multiply the reasonable hourly rate for each timekeeper by the reasonable number of hours the timekeeper worked on the case. Or. Rev. Stat. § 20.107(2).

a. Reasonable Number of Hours Spent on the Case

Although ODOC does not object to the overall number of hours Mr. VanValkenburg's attorneys claim they spent on the case, it argues that he should only recover attorney fees for the hours spent litigating the state-law claim. Mr. VanValkenburg argues that the number of hours spent on each claim cannot be apportioned because there were common issues between the state and federal claims.

While it is true that a prevailing plaintiff is only entitled to recover attorney fees for the claim upon which he prevailed, time spent on other claims is recoverable when "there are common issues among the claims." *Freedland v. Trebes*, 986 P.2d 630, 632 (Or. App. 1999) (citation omitted). This is so because courts recognize it may take "roughly the same amount of time to litigate a case in which the successful claim was the sole claim as it took to litigate the case in which it was one among several claims." *Id.* Accordingly, when common issues prevail

among the claims, it is not "necessary to apportion the fees to reflect the lack of success on the other claims." *Id.*

This case is precisely the case where, as a general matter, it would not make sense to try to apportion the time spent on litigating the state-law claim and the federal-law claim. The issues of fact and the issues of law were largely the same between both claims. The claims are grounded in the same legal theory—that the same discriminatory acts violated federal and state law. And Oregon's antidiscrimination law largely incorporates federal law under the ADA. As such, it would have been nearly impossible for Mr. VanValkenburg's attorneys to apportion their time. Furthermore, ODOC's suggestion that I should award only 35% of the requested fees is completely arbitrary. Accordingly, because there were common issues of law and fact between both claims, I decline to reduce the fee award on the basis that Mr. VanValkenburg did not prevail on his federal claim.

That said, the time that Mr. VanValkenburg's attorneys spent litigating the issue of whether he exhausted his administrative remedies, as required to pursue his federal claim, can be separated from the total number of hours spent litigating the case. While some of the evidence and testimony at that bench trial may have been helpful for the jury trial, in my view the exhaustion trial was too tangential to the underlying substantive merits of the state-law discrimination claim to conclude that the prevailing issues at the trial were common to the state-law claim. Accordingly, Mr. VanValkenburg is not entitled to recover attorney fees for the time spent on litigating the issue of whether he exhausted his administrative remedies. I, therefore, reduce the attorney fee request by 11.7 hours for Ms. Payne and 9 hours for Mr. Ellis, which reflects the amount of time they claim they spent on litigating the exhaustion issue.

b.  Reasonable Hourly Rate

Mr. Ellis reports that he typically bills $315 an hour and Ms. Payne reports that she typically bills $300 an hour.  ODOC does not object to the hourly rates provided by Mr. VanValkenburg for his attorneys.

Courts determine the reasonable hourly rate by looking at the fee customarily charged in the locality and the experience, reputation, and ability of the lawyers involved.  *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1243 (D. Or. 2013).  In fact, it is well-settled law that:

> The prevailing market rate in the community is indicative of a reasonable hourly rate . . . The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.

*Orme v. Burlington Coat Factory of Or., LLC*, No. CV 07-859-MO, 2010 WL 1838740, at *1 (D. Or. May 3, 2010) (quoting *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262-63 (9th Cir. 1987)).

In support of the attorney fees motion, Mr. VanValkenburg provided declarations from practitioners in the community who attested to their belief that his attorneys' hourly rates are reasonable, given their reputation, experience, and level of expertise.  The hourly rates are also within the range of what other attorneys charge in Portland according to the 2012 OSBAR report.  For example, the average billing rate for personal injury Plaintiffs' lawyers in Portland is between $239 per hour at the 25th percentile and $385 per hour at the 95th percentile.  Given the specialty area within which Ms. Payne and Mr. Ellis practice, and their experience and reputation, I find that their billing rates are reasonable even though they are slightly higher than average for other attorneys with the same number of years of experience.

c. Other Statutory Factors

In determining the amount of attorney fees to award a prevailing plaintiff, I must consider the sixteen factors listed by statute. Or. Rev. Stat. § 20.075(1)-(2); *Strawn I*, 297 P.3d at 448-49. ODOC does not argue that Mr. VanValkenburg's requested attorney fee award should be reduced based on any of these factors. Indeed, after reviewing these factors, I do not find any of them to be prejudicial to Mr. VanValkenburg, and thus, they do not require me to reduce the attorney fee award in this case.

**B.** *Fee Multiplier*

In addition to an attorney fee award based on the hourly rate and number of hours expended, Mr. VanValkenburg argues I should award a fee multiplier to compensate his attorneys for the high degree of risk involved in this case. Specifically, Mr. VanValkenburg seeks a multiplier of x2.25. ODOC objects to the award of a fee multiplier. It argues there is no statutory support for doing so, and that there is no "common benefit" or "common fund" involved in this case. Although the argument is unclear, ODOC also suggests that a fee enhancement award is not available here because this is not a classic contingency fee case, whereby Mr. VanValkenburg's attorneys only receive a portion of his recovery.

First, it is clear under Oregon case law that I have discretion to award an enhancement to Mr. VanValkenburg's requested regular attorney fees in the form of a fee multiplier. *See Griffin By & Through Stanley v. Tri-Cty. Metro. Transp. Dist. of Or.*, 831 P.2d 42, 48 (Or. App. 1992), *aff'd in part and rev'd in part on other grounds* 870 P.2d 808 (Or. 1994). "Oregon law permits an enhancement of fees when it is supported by the facts and circumstances of the case." *Beck v. Metro. Prop. and Cas. Ins. Co.*, 3:13-cv-00879-AC, 2016 WL 4978411, at *22 (D. Or. Sept. 16, 2016). In some contingent fee cases, "attorneys may be compensated at a higher rate than what

would be charged in a noncontingent fee setting." *Tanner v. Or. Health Scis. Univ.*, 980 P.2d 186, 189 (Or. App. 1999) (citation omitted); *see also Moro v. Oregon*, 384 P.3d 504, 519 (Or. 2016) ("[A] fee multiplier may be justified when the attorney's payment is based on a contingency-fee arrangement or there is otherwise a delay in getting paid.").

Second, while an Oregon court has approved the award of an attorney fee enhancement in a case where the proceeds were to be paid from a common fund, *see Moro*, 384 P.3d at 510, there is no support in that case or any other for ODOC's proposition that fee enhancements are *only* available when they are to be paid out of a common fund. Further, there is no support for ODOC's apparent proposition that fee enhancements are only available in classic contingency fee cases where attorney fee awards are based on a set percentage of the client's recovery. In fact, Oregon cases support the proposition that fee enhancements are available under the contingency fee arrangement at issue in this case—one where statutory attorney fees are only available if the client is the prevailing party.[4] *See, e.g., Tanner*, 980 P.2d at 189-90 (concerning a contingency fee case where the plaintiff could recover fees as the prevailing party based on the attorney's hourly billing rate). Accordingly, ODOC's argument that a fee multiplier is not available in this case is unavailing.

Having determined that I have the discretion to award a fee multiplier, I must now determine whether this is one of the cases where the award of a fee multiplier is appropriate, and if so, whether Mr. VanValkenburg's requested multiplier of x2.25 is the appropriate amount. Typically, enhanced fee awards are appropriate in cases where the recovery was an "exceptional success," even if plaintiffs did not prevail on all claims, and other favorable factors exist,

---

[4] For further explanation, see *Mariam-Webster's Collegiate Dictionary* 270 (11th ed. 2005), which defines "contingency fee" as "a fee for services (as of a lawyer) paid upon successful completion of the services." While that fee is "usu[ally] calculated as a percentage of the gain realized for the client," *id.*, such a calculation is not the only way to arrive at the fee award under a contingency fee agreement, as the contingent nature of receiving the fee at all is the necessary element under the term.

including "the difficulty and complexity of the issues involved in the case, the value of the interests at stake, as well as the skill and professional standing of lawyers involved." *Strunk v. Pub. Emps. Ret. Bd.*, 169 P.3d 1242, 1254 (Or. 2007); *see also Strawn v. Farmers Ins. Co.*, MCCC Case No. 9908-09080 (J. Labarre) ("*Farmers*"), *aff'd*, 226 P.3d 86 (Or. App. 2010) ("*Strawn II*") (awarding a fee multiplier based on counsel's skill and "superb" performance, the "remarkable" results of the case, the enormous risk involved in litigating the case, the high damages award, and the fact that Oregon courts wanted to encourage litigation of consumer protection cases). I also consider the factors set out by statute for determining the amount of attorney fees to award in order to determine if an enhanced fee is appropriate. Or. Rev. Stat. § 20.075(1)-(2); *Strawn II*, 226 P.3d at 95 (explaining that a Court must consider the criteria set out in Or. Rev. Stat. 20.075(2) in determining whether to grant a fee enhancement, and if so, the amount).

In my view, most of the factors identified in Section 20.075 are neutral—they do not favor one party more than the other. For example, the conduct of the parties appeared to be reasonable, and their actions and diligence in litigating the case are in line with what I would expect in litigating a contentious case on difficult legal issues. The claims and defenses that both parties made appeared to be reasonable. Although ODOC conceded some of the elements of the state-law claim on the brink of trial, the information in the record does not persuade me that the timing was a result of bad faith or of wanting to drag out the litigation. In my experience, cases are often narrowed as the trial approaches because the parties focus on the issues more closely.

Several § 20.075 factors, however, weigh in favor of an attorney fee multiplier in this case. First, as ODOC concedes, Mr. VanValkenburg's attorneys clearly attained an extraordinary result in this case. This is not simply reflected by the high damages award. It is

12 – OPINION AND ORDER

also reflective of the high level of skill of Mr. VanValkenburg's attorneys. For example, the merits of this case involved complex legal issues of first impression in antidiscrimination law, requiring Mr. VanValkenburg's attorneys to make novel arguments of law and develop original jury instructions where no uniform instructions were available.

Second, this case involved a high degree of risk for Mr. VanValkenburg's attorneys, given that they agreed to represent him on a contingency fee basis. The complex legal issues involved in the case and Mr. VanValkenburg's sex offender conviction both increased the risk of loss beyond the risk associated with many civil rights cases. Given these challenges, Mr. VanValkenburg's attorneys took on the case with great risk of no recovery at all.

Finally, an enhanced fee award in this case will serve to encourage other attorneys in Oregon to represent inmates in risky, complex, and difficult civil rights cases. In contrast, refusing to award an enhancement might deter attorneys from representing clients in these types of cases.

Under the above analysis, I find that a fee enhancement is appropriate in this case. I believe, however, that an enhancement of x2.25 is excessive. In my view, such an incredible amount should be reserved for the most unusual cases. In fact, awarding an extremely high fee enhancement may serve too much of a deterrent effect, in that it could deter defendants like ODOC from properly litigating close-call cases. Accordingly, after considering cases where courts have awarded a fee enhancement and the factors under Section 20.075, I find a fee multiplier of x1.75 to be appropriate in this case. Accordingly, I award $675,268.13 in attorney fees to Mr. VanValkenburg, which is an additional $290,050.63 above their usual fees based on their typical billing rate.

### C. *Fees For Litigating Attorney Fees Motion*

In Mr. VanValkenburg's response to ODOC's objections to his attorney fees, he seeks reimbursement for the costs associated with litigating his attorney fee request. Specifically, he is seeking fees for the 18 hours Ms. Payne and 9.4 hours Mr. Ellis spent litigating the fee request.

Courts may award fees for services provided in conjunction with the recovery of attorney fees. *Emerald People's Util. Dist. v Pacificorp*, 801 P.2d 141, 143 (Or. 1990). "[T]he recovery of attorney fees, costs and expenses to which a prevailing party is entitled by statute is related to the prosecution or defense of the action." *Id.* And, attorney fees for an attorney fee petition are related to the prosecution of the action. *Id.*

Given *Pacificorp*, it is clear that I may award attorney fees to Mr. VanValkenburg for the costs associated with litigating their attorney fee petition. The time spent by Ms. Payne and Mr. Ellis is reasonable, and thus, I award the full fees requested, for a total amount of $8,605.00.[5] The fee multiplier is not applied to this award.

## II. Costs and Disbursements

Mr. VanValkenburg also seeks reimbursement for his costs in this case. ODOC objects to some of the costs on the grounds that they are not recoverable under federal law. For the following reasons, Mr. VanValkenburg may recover $18,155.19 in costs and disbursements.

The Ninth Circuit applies "state law in determining not only the right to fees, but also [] the method of calculating the fees," when the fees are based on state law claims. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (explaining that "calculation of the amount of the fee is bound up in the substantive state right"). ODOC relies on *Hunt v. City of Portland*, CV 08-802-AC, 2011 WL 3555772 (D. Or. Aug. 11, 2011), to argue that federal law

---

[5] Ms. Payne spent 18.5 hours on the attorney fee petition and response. At her hourly rate of $300 per hour, her attorney fees total $5,550. Mr. Ellis spent 9.4 hours on the attorney fee petition and response. At $325 per hour, his attorney fees total $3,055.

governs the award of costs in this case. There, Judge Acosta applied Federal Rule of Civil Procedure 54 and federal statutory law to determine the award of costs in a case where the party prevailed on both federal and state-law claims. *Id.* at *5-6. But Judge Acosta did not analyze whether state or federal law governed the award of costs, so it is not clear why he applied federal law. It is possible that federal law governed in that case because the party prevailed on a mix of federal and state law claims. The Ninth Circuit clearly explained, however, in *Mangold* that state law governs in diversity cases where the plaintiff prevails on a state law claim, and thus, state law governs Mr. VanValkenburg's petition for costs and disbursements.

Having determined that state law governs the award of costs in this case, I turn to the Oregon Rules of Civil Procedure to analyze what costs may be recovered by Mr. VanValkenburg. Oregon Rule of Civil Procedure 68 provides:

> [C]osts and disbursements shall be allowed to the prevailing party unless these rules or any other rule or state direct that in the particular case costs and disbursements shall not be allowed to the prevailing party . . ., or unless the court otherwise directs. If, under a special provision of these rules or any other rule or statute, a party has a right to recover costs, that party shall also have a right to recover disbursements.

Or. R. Civ. Pro. 68(B). Costs and disbursements are defined as:

> [R]easonable and necessary expenses incurred in the prosecution or defense of an action, other than for legal services, and include the fees of officers and witnesses; the expense of publication of summonses or notices, and the postage where the same are served by mail; . . . the expense of copying of any public record, book, or document admitted into evidence at trial; . . . ; and any other expense specifically allowed by agreement, by these rules, or by any other rule or statute.

Or. R. Civ. Pro. 68(A)(2). In addition, courts have the discretion to award reasonable costs for interpreter services. *Id.* But the expense of depositions is not recoverable even if they were used at trial. *Id.*

15 – OPINION AND ORDER

Based on Rule 68, Mr. VanValkenburg is entitled to recover his costs for witness subpoena fees ($93.59), copies of documents admitted into evidence ($421.40), and fees for service of summons ($226.75). I also find that Mr. VanValkenburg may recover costs for the use of interpreter services ($6,940.00). ODOC does not object to the cost for interpreter services, and given the nature of this case, such services were clearly a reasonable expense.

Mr. VanValkenburg also seeks to recover costs for several expert witnesses. First, he seeks to recover $5,080.95 in witness fees for Dr. Jean Andrews, who testified on his behalf at trial. In addition, he seeks to recover $4,817.50 in fees for three expert opinions he provided in support of his fee petition. Dr. Andrews's expert witness fees are recoverable under Oregon Rule of Civil Procedure 68 as a cost incurred in the litigation. In addition, under *Pacificorp*, the fees for the expert opinions in support of Mr. VanValkenburg's fee petition are also recoverable. 801 P.2d at 143 (explaining that courts may award "fees for services provided in conjunction with the recovery of the underlying [attorney] fees."); *see also Or., By and Through Dept. of Transp. v. Gonzales*, 703 P.2d 271, 273 (Or. App. 1985). Accordingly, Mr. VanValkenburg is entitled to recover $9,898.45 in expert witness expenses for all four experts.

Finally, Mr. VanValkenburg is also entitled to recover a $575.00 prevailing party fee under Oregon Law. Or. Rev. Stat. § 20.190(2)(a)(B) (explaining that a party that has the right to recover costs and disbursements also has the right to recover the prevailing party fee). Although I have discretion to award an enhanced prevailing party fee under Oregon Law, *see* Or. Rev. Stat. § 20.190(3), I decline to do so here. I believe the fee multiplier already awarded is sufficient to compensate for the Section 20.190 factors that I already found weighed in favor of Mr. VanValkenburg. Those factors do not justify an additional prevailing party fee in this case.

### III. Litigation Expenses

Finally, Mr. VanValkenburg seeks to recover $5,383.89 in litigation expenses. Specifically, Ms. Payne incurred out-of-pocket litigation expenses totaling $294.99 for copying costs, travel reimbursement, and parking expenses. She claims those expenses are not included in her hourly fee, as she typically bills clients for those expenses. Mr. Ellis's litigation expenses total $2,098.92 and include expenses for postage, messenger charges, travel reimbursement, and focus group costs. He also states that these expenses are not included in his hourly rate and that he typically bills his clients separately for these expenses. Finally, Haglund Kelley LLP's litigation expenses total $2,989.98 and they include expenses for filing fees, deposition costs, messenger service costs, and mileage costs. ODOC did not object to these expenses. Regardless of whether ODOC objected to the litigation expenses, Mr. VanValkenburg's ability to recover the expenses is governed by state law, so I must review the itemized expenses to ensure they comport with what is allowed under the law.

Under Oregon law, courts should "include expenses specially billed to the client in the attorney fees award when they are properly documented and are reasonable." *Willamette Prod. Credit Ass'n v. Borg-Warner Acceptance Corp.*, 706 P.2d 577, 580 (Or. App. 1985). These expenses are separate from an attorney's hourly rate. *Id.*; *see also Strawn II*, 266 P.3d at 96.

Here, Haglund Kelly LLP seeks to recover $1,459.10 in deposition costs as litigation expenses even though those costs are not recoverable under Oregon Rule of Civil Procedure 68. I do not believe circumventing Rule 68 by charging such costs as litigation expenses is appropriate. *See Robinowitz v. Pozzi*, 872 P.2d 993, 997 (Or. App. 1994) (explaining that the "trial court had no authority to circumvent the distinction in ORCP 68 between attorney fees and

costs by including what are unrecoverable costs as attorney fees"). Accordingly, I decline to award deposition costs as part of the litigation expenses.

All other litigation expenses are reasonable, and thus, Mr. VanValkenburg is entitled to recover a total of $3,924.79 in litigation expenses. This includes $294.99 in litigation expenses for Ms. Payne, $2,098.92 in litigation expenses for Mr. Ellis, and $1,530.88 in litigation expenses for Hanglund Kelly LLP.

## CONCLUSION

Pursuant to the above analysis, Mr. VanValkenburg is entitled to recover attorney fees, costs, and litigation expenses. Specifically, I award Mr. VanValkenburg $683,873.13 in attorney fees, $18,155.19 in costs, and $3,924.79 in litigation expenses.

IT IS SO ORDERED.

DATED this 9th day of June, 2017.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge